# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Plaintiff,<br><br>    v.<br><br>CLA ESTATE SERVICES, INC, et al.,<br><br>          Defendants. | CASE NO. C18-480 MJP<br><br>ORDER ON REMAND |

The above-entitled Court, having received and reviewed:

1. State of Washington's Motion to Remand (Dkt. No. 7),

2. Defendants' Opposition to Motion to Remand (Dkt. No. 8),

3. State of Washington's Reply in Support of Motion to Remand (Dkt. No. 9),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED and this matter is REMANDED to King County Superior Court.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1447(c), Defendants shall pay to Plaintiff the "just cost and any actual expenses, including attorney fees, incurred as a result of the removal." The State of Washington shall submit a request, with declaration and proposed order, to that effect within seven (7) days of the entry of this order. Defendants shall file any response (not to exceed 6 pages) within five days of the filing of the State's request.

**Discussion**

The State of Washington sued CLE Estate Services, Inc., CLA USA, Inc. ("CLA") and Mitchell Reed Johnson ("Johnson") in King County Superior Court, alleging violations of the Washington Consumer Protection Act ("CPA"), RCW § 19.86, and the Washington Estate Distribution Documents Act, RCW § 19.25. Defendants removed the case to federal court, alleging that individual state citizens are the real parties in interest and that all remaining requirements for diversity jurisdiction were met. (*See* Dkt. No. 1, Notice of Removal at 2.)

Initially, the Court notes that Defendants do not dispute the State's argument that this matter does not fall under the purview of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court agrees.

The State cites multiple cases from multiple jurisdictions in support of its position that enforcement of its consumer protection laws on behalf of its citizens has long been recognized as an area traditionally regulated and litigated by the states.[1] In fact, the Washington CPA reserves certain legal actions specifically and exclusively to the Attorney General. *See, e.g.,* RCW §§ 19.86.090, 19.86.0995, 19.86.100 19.86.140, and 19.86.150. The Washington Supreme Court

---
[1] E.g., California v. ARC Am. Corp., 490 U.S. 93, 101 (1989); Williams v. Washington, 554 F.2d 369 (9th Cir. 1977).

has made it clear the Attorney General's statutory authority to seek consumer restitution is intended for the general public benefit. State v. LG Elecs., Inc., 375 P.3d 636, 643 (Wash. 2016).

There is also widespread legal support for the State's position that its suit to enforce its quasi-sovereign interest in guaranteeing an honest marketplace and the economic welfare of its citizenry bestows "real party in interest" status upon it.[2] Plaintiffs' position that a state cannot claim real party in interest status when it sues for broad prospective relief and also for restitution for a limited set of consumers has been rejected by the majority of courts.[3]

For their part, Defendants have little response to the State's case authority and instead cite a series of cases which are distinguishable from the legal circumstances before this Court. Missouri, Kansas, & Texas Railway Co. v. Hickman, 183 U.S. 53 (1901) is inapposite – the Supreme Court in that matter was analyzing whether a state not named to a lawsuit could be a real party in interest; an Eleventh Amendment inquiry which concluded that the state's lack of interest in the litigation was evidence that it was not a real party in interest, but did not hold that a state must be the sole beneficiary of an action to qualify as a real party in interest. *See also* United States Fidelity & Guaranty Co. v. United States, 204 U.S. 349 (1907)(in a case brought

---

[2] E.g., Georgia v. Pa. R.R. Co., 324 U.S. 439, 450-51 (1945); Alfred E. Snapp & Son, Inc. v. Puerto Rico, 458 U.S. 592, 607 (1982); California v. Purdue Pharma L.P., No. SACV 14-1080-JLS (DFM), 2014 WL 6065907, at *3 (C.D.Cal. Nov. 12, 2014); New York ex rel. Abrams v. Gen. Motors Corp., 547 F.Supp. 703, 705-06 (S.D.N.Y. 1982); State v. Ralph Williams North West Chrysler Plymouth, Inc., 510 P.2d 233, 241 (Wash. 1973).

[3] *See, e.g.,* Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 218-19 (2d Cir. 2013); AU Optronics Corp. v. South Carolina, 699 F.3d 385, 392-94 (4th Cir. 2012), *cert. denied*, ___ U.S. ___, 134 S.Ct. 999 (2014); LG Display, Co., Ltd. v. Madigan, 665 F.3d 768, 773 (7th Cir. 2011); Illinois v. SDS W. Corp., 640 F.Supp.2d 1047, 1052-53 (C.D. Ill. 2009); Hood ex rel. Mississippi v. Microsoft Corp., 428 F.Supp.2d 537, 545-46 (S.D.Miss. 2006); Wisconsin v. Abbott Labs., 341 F.Supp.2d 1057, 1061-63 (W.D.Wis. 2004); West Virginia v. Morgan Stanley & Co., Inc., 747 F.Supp. 332, 338-39 (S.D.W.Va. 1990); New York ex rel. Abrams v. Gen. Motors Corp., 547 F.Suipp. 703, 707 (S.D.N.Y. 1982).

by a federal contractor who was the sole beneficiary of any resulting judgment, the United States was still the real party in interest for jurisdictional purposes).

Nor does Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161 (2014) affirm Defendants' interpretation of Hickman, as they claim. The case mentions Hickman as an example of looking past the pleadings to defeat attempts to create or destroy diversity, but does not hold that the relief sought must inure to the benefit of the State alone in order to qualify the State as a "real party in interest." On the contrary, the Optronics court rejected the argument that courts must conduct a background inquiry into unnamed real parties in interest in an analysis of whether a state-sponsored CPA claim constitutes a "mass action" under CAFA. Id. at 175-76.

Finally, Defendants cite Dept. of Fair Employment & Housing v. Lucent Technologies, Inc., 642 F.3d 728 (9th Cir. 2011), an employment case brought under the Fair Employment and Housing Act, as establishing the principle that the State's interest in enforcing its consumer protection laws is "merely a general governmental interest which, by definition, is not a substantial interest." (Dkt. No. 8, Response at 4.) The Court fails to see how this case supports Defendants' position. The Lucent opinion directs reviewing courts to consider, first and foremost, "what interest [the state] has in this litigation pursuant to its laws." Lucent, 642 F.3d 738. A review of Washington's statutory scheme suffices to reveal that the State's interest is unquestionable.[4]

---

[4] *See, e.g.,* RCW 19.295.005 (the legislative intent of the Estate Distribution Documents Act is to "prohibit persons not licensed to engage in the practice of law from the unscrupulous practice of marketing legal documents as a means of targeting senior citizens for financial exploitation"); RCW 19.295.030 (the subjects covered by the Estate Distribution Documents Act are "matters vitally affecting public interest" and a violation of the Act "is an unfair or deceptive act in trade or commerce and an unfair method competition"); RCW 19.86.920 ("the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition").

Much more on point is the Ninth Circuit opinion in Nevada v. Bank of America Corp., 672 F.3d 661 (9th Cir. 2012), a consumer protection act case which held that "the States… are the real parties in interest because [they] have a sovereign interest in the enforcement of their consumer protection and antitrust laws… [and] in securing an honest marketplace and the economic well-being of their citizens." (Id. at 671)(quoting with approval the holding in In re TFT-LCD (Flat Panel) Antitrust Litig., 2011 WL 560593, at *5 (N.D.Cal. Feb. 15, 2011). This Court finds, as did the Ninth Circuit in Nevada, that the State's "sovereign interest in protecting its citizens and economy… is not diminished simply because it tacked on a claim for restitution. Id.

The Supreme Court has mandated strict construction of removal statutes, nowhere more so than when a state's action is brought in its own courts and removed to federal court. *See, e.g.,* Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28 (2002). "Considerations of comity" should make federal courts "reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 21 n.22 (1983). Defendants have failed to produce that clear rule or any other compelling reason why this case should not be remanded to state court.

Finally, the Court also agrees with the State of Washington that, pursuant to 28 U.S.C. § 1447(c), it should be awarded its fees and costs associated with the removal from King County Superior Court. The law appears well-settled on these issues and there was no objectively reasonable basis for Defendants to remove the matter. Defendants are therefore ordered to pay for the "just cost and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The State of Washington shall submit a request for fees and costs with declarations and proposed order to that effect within seven (7) days of the filing of this

1 | order. Defendants shall have five (5) days to file a response (not to exceed 6 pages) to that
2 | request if they choose.

The clerk is ordered to provide copies of this order to all counsel.

Dated: May 3, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge